IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-69 |
| | ) | [UNDER SEAL] |
| ANTHONY J. ALIUCCI | ) | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Mail Fraud<br>on or about August 5, 2005 | 18 USC § 1341 |
| 2 | Mail Fraud<br>On or about October 28, 2005 | 18 USC § 1341 |
| 3 | Mail Fraud<br>On or about December 8, 2005 | 18 USC § 1341 |

## II.  ELEMENTS OF THE OFFENSES

**A.  As to Counts 1, 2, & 3:**

In order for the crime of frauds and swindles, commonly known as mail fraud, in violation of 18 U.S.C. § 1341, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly devised a scheme to defraud or to obtain money, property or the intangible right of honest services by materially false or fraudulent pretenses, representations or promises.

2. That the defendant acted with the intent to defraud.

3. That in advancing, furthering or carrying out the scheme, the defendant used the mails, or a private or commercial interstate carrier, or caused the mails, or a private or commercial interstate carrier, to be used.

**Authority:**   Third Circuit Criminal Jury Instruction, No. 6.18.1341; 2 Sand et al., No. 44-3.

## III. PENALTIES

**A. As to Counts 1, 2, and 3: Mail Fraud (18 U.S.C. § 1341):**

1. <u>Individuals</u> - The maximum penalties for individuals are:

    (a) imprisonment for not more than twenty (20) years (§ 1341, as amended by Public Law 107-204, July 30, 2002).

    (b) a fine not more than the greater of;

    (1) $250,000 (18 U.S.C. § 3571(b)(3));

    <u>or</u>

    (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c) a term of supervised release of not more than three (3) years; and

    (d) any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

3

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Three, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

*Shaun Sweeney*
SHAUN E. SWEENEY
Assistant U.S. Attorney
PA ID No. 53568