

U.S. Department of Justice

United States Attorney
Western District of Pennsylvania

U.S. Post Office & Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219

412/644-3500

November 8, 2008

Anthony Bittner, Esquire
Joyce & Bittner
3321 Grant Building
330 Grant Street
Pittsburgh, Pennsylvania 15219

Re:  United States of America v.
     Anthony J. Aliucci
     Criminal No. 08-069

Dear Mr. Bittner:

This letter sets forth the agreement by which your client, Anthony J. Aliucci, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Anthony J. Aliucci and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Anthony J. Aliucci will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.   The defendant, Anthony J. Aliucci, agrees to the following:

        1.   He will enter a plea of guilty to Count One of the Indictment at Criminal No. 08-069, charging him

LIMITED OFFICIAL USE

COURT EXHIBIT
1

with violating Title 18, United States Code, Section 1341, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. He acknowledges responsibility for the conduct charged in Counts Two and Three of the Indictment, and stipulates that such conduct may be considered by the Probation Officer and by the Court in determining the applicable Guidelines range and in imposing sentence.

2. He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct. The amount of restitution may not necessarily be the same as the amount of loss for the purpose of determining the offense level under the Sentencing Guidelines.

3. He will immediately notify the Court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

4. At the time Anthony J. Aliucci enters his plea of guilty, he will deposit a special assessment of $100.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. Anthony J. Aliucci waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Anthony J. Aliucci may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court

under the Sentencing Guidelines, Anthony J. Aliucci may take a direct appeal from the sentence.

Anthony J. Aliucci further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Anthony J. Aliucci in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

2. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and Anthony J. Aliucci timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

3. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Anthony J. Aliucci and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Anthony J. Aliucci is:

   (a) A term of imprisonment of not more than 20 years;

       (b)   A fine of $250,000;

       (c)   A term of supervised release of 3 years;

       (d)   A special assessment under 18 U.S.C. §3013 of $100.00; and

       (e)   Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664.

2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3. The parties agree that, although charges are to be dismissed pursuant to this agreement, Anthony J. Aliucci is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997)(known as the Hyde Amendment). Anthony J. Aliucci waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

4. This agreement does not preclude the government from pursuing any civil or administrative remedies against Anthony J. Aliucci or his property.

This letter sets forth the full and complete terms and conditions of the agreement between Anthony J. Aliucci and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature: Robert D Crum for]*

MARY BETH BUCHANAN
United States Attorney


I have received this letter from my attorney, Anthony Bittner, Esquire, have read it and discussed it with him, and I hereby

accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
ANTHONY J. ALIUCCI

_____11/26/2008_____
Date

Witnessed by:

_____
ANTHONY BITTNER, ESQUIRE
Counsel for Anthony J. Aliucci