UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CRIMINAL CASE NO: **CR-08-69** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ANTHONY J. ALIUCCI**, | ) | |
| Defendant. | ) | |

### DEFENDANT'S OBJECTIONS /POSITION WITH RESPECT TO PRESENTENCE INVESTIGATION REPORT

AND NOW comes the Defendant, **ANTHONY J. ALIUCCI**, by his attorneys, ANTHONY M. BITTNER, ESQUIRE and **JOYCE & BITTNER**, and submits the following:

I.  OBJECTIONS, ADDITIONS AND/OR MODIFICATIONS TO THE PRESENTENCE INVESTIGATION REPORT

1. The Defendant and counsel have received and reviewed the presentence investigation report.

2. Prior to filing the within pleading, the undersigned attorney conferred with the Assistant United States Attorney and Probation Officer pursuant to Local Rule 32.1 (C).

A.  <u>Objections to the Presentence Report - Application of §2B1.1 (b) (9) Enhancement</u>

3. The Defendant, Anthony J. Aliucci, objects to paragraph 15 of the presentence report "Specific Offense Characteristic," wherein a two level increase is assigned pursuant to U.S.S.G. §2B1.1 (b) (9) for allegedly committing an offense that involved "sophisticated means."

4. Specifically, as the basis for application of the sophisticated means enhancement the presentence report states at paragraph 15, "The defendant's conduct included the use of a fictitious

shell corporation to divert funds for his own use, as well as diverting funds to a company to cover debts incurred by him . . ."

     5.     It is believed, and therefore averred, that there has been no showing that the offense herein involved a "fictitious shell" corporation. It does not necessarily follow that solely owned holding companies or personally owned company's are "shells". In this case, it is submitted that there has been no basis to conclude that the company involved - International Healthcare Corporation - was just a shell used to hide assets or divert funds. Without more, the mere diversion of funds to a corporate entity does not in and of itself give rise to "sophisticated means" as contemplated in §2B1.1 (b) (9).

     6.     It is additionally averred that the imposition of a §2B1.1 (b) (9) enhancement and the application of §3B1.3 Abuse of Position of Trust or Use of Special Skill as recommended in paragraph 17 of the presentence report would in essence constitute double conducting of overlapping conduct.

WHEREFORE, under applicable law and the facts and circumstances of the within matter, it is respectfully submitted that a two-level enhancement pursuant to §2B1.1 (b) (9) should not be applied to the guideline calculation in Mr. Aliucci's case.

     B.     <u>Objections to the Presentence Report - Adjustment for Role in the Offense under §3B1.3 Abuse of Position of Trust or Use of Special Skill</u>

     7.     The averments of paragraphs 1 through 6 above are incorporated by reference as if set forth in the entirety herein.

     8.     Paragraph 17 of the presentence report, "Adjustment for Role in the Offense," recommends a two-level enhancement pursuant to §3B1.3 for abuse of a ". . .position of public or private trust in a manner that facilitated the commission of the offense."

9.      It is believed, and therefore averred, that the facts of this case do not warrant the imposition of a two-level enhancement pursuant to §3B1.3 Abuse of Position of Trust or Use of Special Skill.

C.      <u>Objections to the Presentence Report - Restitution</u>

10.     At paragraphs 8 and 50 of the presentence report - under the "Victim Impact" and "Restitution" sections respectively - a net loss of $1,643,654 is stated as the figure reported from the victim. Defendant submits - and as noted in paragraph 3 of the report - the parties have stipulated to a loss range for guideline calculation purposes of at least $400,000 but less than $1,000,000. It is additionally averred that it was agreed that the actual restitution figure - as opposed to the loss range for guideline purposes - is to be determined by the Court.  Defendant specifically objects to the figure of $1,643,654 as an accurate restitution figure and submits that it is substantially lower.

WHEREFORE, under applicable law and the facts and circumstances of the with matter, it is respectfully submitted that neither of the two level increases in the guideline calculations pursuant to §2B1.1 (b) (9) and §3B1.3 should not be applied in Anthony J. Aliucci's case.

II.     MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTIONS

A.      <u>Objections to the Presentence Report - Application of §2B1.1 (b) (9) Enhancement</u>

In seeking the application of a §2B1.1 (b) (9) enhancement, the government must show more than a "garden-variety" fraud scheme. ***United States v. Hance,*** 501 F.3d 900, 909 (8th Cir. 2007). Moreover, the fact that fraud is extensive - or may have occurred over a long period of time - does not equate with a finding of "sophisticated means." The comments to the guidelines suggest that the sophisticated means enhancement "ordinarily" applies to "conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells . . ." §2B1., comment, n.

3

8 (B).  However, though the defendant did utilize a corporate entity herein to effectuate a portion of the alleged fraud, there is no basis to conclude that the organization was a "shell" as opposed to an entity that was actually conducting other business. Moreover, there is certainly no indication that it was a "fictitious" entity.    The mere transfer of funds to the corporate entity should not give rise to the sophisticated means guideline enhancement.

      B.      <u>Objections to the Presentence Report - Adjustment for Role in the Offense under §3B1.3  Abuse of Position of Trust or Use of Special Skill</u>

In determining whether to apply the two-level enhancement of §3B1.3 a two-step analysis has been utilized by the courts as follows:

    (1)    whether the defendant occupied a position of public or private trust; and

    (2)    whether the defendant abused this position of trust in a way that significantly facilitated the crime

***United States v. Hart,*** 273 F.3d 363, 375 (3rd Cir. 2001).  Determining whether a defendant occupied a position of trust is a fact intensive inquiry and both the knowledge and sophistication of those he dealt with may bear upon the determination.  ***United States v. Hart,*** *supra* (knowledge and sophistication of the customers of stock broker/defendant bears on the determination).

The facts of this case do not bear out the basis for the enhancement.  The Defendant, in his position with the victim company herein was dealing with experienced business people, lawyer(s) and accountants.  In his relationship with these individuals, the defendant did not have any particular "position of trust" within the organization.  In the misappropriation or diversion of any funds in this case, the actions of the defendant did not involve an abuse, or utilization of a position of trust. Circuits have held that the abuse of position of trust enhancement should be applied only when the defendant's position of trust with the victim of the offense significantly facilitated the offense, ***U.S.***

***v. Moored***, 997 F. 2d 139, 145 (6th Cir. 1993). As it is submitted that this is not the situation in the present case, the two-level enhancement of §3B1.3 of the Guidelines should not be applied.

        Respectfully submitted,

        /S/ *Anthony M. Bittner*
        _____
        Anthony M. Bittner, Esquire
        Supreme Court I.D. #34300
        Attorney for Defendant,
        Anthony J. Aliucci